UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20260-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

JOSEPH MAX TYRE,

    Defendant.

_____/

REPORT AND RECOMMENDATIONS ON
COUNSEL'S CJA VOUCHER REQUEST

On June 4, 2015, court-appointed defense counsel David Donet Jr. ("Counsel") submitted voucher application FLS 11 2926 with appended time sheets requesting $14,035.28 as final payment for attorney's fees pursuant to the Criminal Justice Act (the "CJA"), 18 U.S.C. § 3006A. Counsel supplied detailed time entries and a letter of explanation (the "Letter of Explanation") in support of the application.

On April 28, 2011, Counsel was appointed to represent Defendant Joseph Max Tyre ("Tyre") pursuant to the CJA for the purposes of representing Keelan in this criminal prosecution. [ECF No. 35]. Counsel did not submit a proposed budget for the

representation, or request approval to exceed the $9,700.00 cap on representation non-capital felony case pursuant to the CJA.[1]

Counsel now seeks $14,035.28 in compensation for his representation of Tyre from April 28, 2011 through January 23, 2012. Of that, $13,175.00 is for attorney's fees. The total requested amount in this case exceeds the $9,700.00 statutory maximum for attorney's fees in non-capital felony cases at the trial level under the CJA. Guidelines, Vol. 7A, Chapter 2, § 230.23.30. United States District Judge Jose E. Martinez referred the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 373].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the voucher request be **approved for a total amount of $14,147.78**,[2] in accordance with the opinion below.

I.   CRIMINAL JUSTICE ACT GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA plan for the Southern District of Florida explicitly states that "[p]ayment of fees and

---

[1]   This $9,700.00 amount represents the cap at the time of the representation; the present cap is $9,900.00. *Compare* Guidelines, Vol. 7A, Chapter 2, § 230.23.30 *with* Guidelines, Vol. 7A, Chapter 2, § 230.23.20.

[2]   As outlined below, the CJA Administrator's review of Counsel's time records resulted in an *increase* in the voucher amount.

2

expenses shall be made in accordance with the provisions of the United States Judicial Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id.* The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *United States v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

## II.   BACKGROUND

### A. Facts of the Case

Tyre was one of numerous defendants prosecuted in a large marijuana distribution operation. [ECF No. 3]. The conspiracy grew marijuana locally and then shipped it to the northeast United States via secret compartments in trucks. [ECF Nos. 3; 87; 235]. The government's investigation included six wiretap applications and six Orders authorizing the intercept of wire communications on five different telephones, including Tyre's. [ECF No. 133]. Counsel was thus required to listen to hundreds of telephone calls, review several hundred pages of written discovery, and review numerous video surveillance DVDs. [*Id.*].

Additionally, at the time Tyre was indicted, he was under a cooperation contract with the Miami-Dade County State Attorney's Office. Pursuant to the terms of that contract, if Tyre were found guilty, he would receive life in prison in his state case. Ultimately, the State agreed to sentence Tyre concurrently to what he received in the present case, and so he entered into a plea agreement, agreeing to plead guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846, and Possession of a Controlled Substance with the Intent to Distribute it, in violation of Title 21, United States Code, Section 841(a)(1). [ECF No. 236].

### B. Initial Budget Proposal

There was no initial budget proposal in this matter. Counsel was appointed for the purpose of representing Tyre in a non-capital felony matter at the trial court level, which, pursuant to the CJA Guidelines, would normally be subject to a $9,700.00 statutory maximum for attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.23.30. This amount is below the amount that would warrant an initial budget proposal under the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.26.10.

### C. CJA Voucher Request

Counsel submitted the instant CJA voucher request on June 9, 2015.[3] Counsel seeks $14,035.28 for his representation of Tyre. This includes 6 hours for time spent in court and 105.4 hours for time spent out of court. In addition, the request includes $110.28 in travel expenses.

### D. Voucher Amount – Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did make some changes to Counsel's CJA voucher request, *increasing* the in-court time by one hour and *decreasing* the out-of-court time by 0.1 hours. Thus, the final amount of the voucher after the CJA administrator's review was $14,147.78.

---

[3] As noted in Counsel's explanation letter, this was one of several invoices that Counsel discovered was not timely submitted by his office due to the purported error of a former assistant.

### III.   ANALYSIS

#### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, I must first find that this case was either complex or extended. After reviewing the record, there is no doubt that this case was complex. The Government had an extraordinary amount of discovery, including numerous hours of airplane surveillance videos of several marijuana grow operations, including Tyre's farm. There were also dozens of hours of recorded phone calls, conversations and video surveillance, as well as many statements from co-conspirators and other witnesses. For these reasons, the Undersigned concludes that the cost of fair representation exceeds the statutory maximum.

#### B. In-Court Hours

Counsel sought compensation for 6.0 in-court hours. The CJA administrator adjusted the number of hours to 7.0.[4] I find this amount to be reasonable for this type of complex case. Accordingly, I recommend Counsel be paid the full $875.00 for 7.0 in-court hours.

---

[4]   There is a typographical error in the CJA Administrator's adjusted hours, but it does not impact the total amount of hours that the Administrator found (and that the Court's own review finds). Under "Other" in-court time, the CJA Administrator adjusted Counsel's claimed time from 2.5 hours to 3.0. However, a review of the time records, reveals that the "Other" in-court time is, in fact, 3.5 hours. It appears though that when adding up the total in-court time, the CJA Administrator did use the correct 3.5-hour figure, coming to the appropriate total time of 7.0 hours.

### C. Out-of-Court Hours and Expenses

Counsel sought 105.4 hours for time spent out of court. The CJA administrator adjusted the number of hours to 105.3, reducing the amount of time spent obtaining and reviewing records from 74.9 to 74.8 hours. The Undersigned's review of the time records finds this reduction appropriate. And given the complex nature of this case, I have no doubt that Counsel spent 105.3 hours working on this case. Accordingly, I find that Counsel's time entries are appropriate. Thus, in the absence of other factors, Counsel should receive $13,162.50 for 105.3 out-of-court hours.

Having reviewed Counsel's request for travel expenses, totaling $110.28, the Undersigned finds the request to be reasonable. Thus, Counsel should be compensated $110.28 for travel expenses.

### IV. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that Counsel be paid **$14,147.78** as fair and final compensation for his work on this case.

### V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case. Each party may file a response to the other party's objection within 7 days of the objection. Failure to file timely objections shall bar the Parties from

a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, October 2, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Hon. Jose E. Martinez